

| | THE CITY OF NEW YORK | |
|---|---|---|
| **GEORGIA M. PESTANA** | **LAW DEPARTMENT** | **PHILIP S. FRANK** |
| *Corporation Counsel* | 100 CHURCH STREET<br>NEW YORK, NY 10007 | phone: (212) 356-0886<br>fax: (212) 356-1148<br>email: pfrank@law.nyc.gov<br>(not for service) |

September 17, 2021

**BY ECF & EMAIL**
Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007
Failla_NYSDChambers@nysd.uscourts.gov



Re:  *Mortimer v. Wilson*, 15 Civ. 7186 (KPF)

Your Honor:

      I am the Assistant Corporation Counsel in the Office of the Corporation Counsel of the City of New York assigned to represent Defendant Beverly Wilson ("Ms. Wilson"), a child protective specialist at the New York City Administration for Children's Services (ACS), in the above-referenced matter.

      I write: (1) in opposition to Plaintiff's letter dated September 14, 2021 (Dkt. No. 285), seeking leave to reopen discovery, which closed more than two-and-a-half years ago, and depose Ms. Wilson; and (2) in light of Plaintiff's counsel's September 16, 2021 letter seeking leave to withdraw as counsel (Dkt. No. 286) – and the Court's scheduling of a September 21, 2021 conference to discuss Plaintiff's counsel's motion (Dkt. No. 288) – to respectfully request a one-week extension of time of the deadlines for the parties to exchange and file their joint pretrial order (JPTO) and file their pretrial submissions. Plaintiff's counsel consents to these requests.

      The Court should deny Plaintiff's belated request to depose Ms. Wilson as Plaintiff has failed to show good cause for reopening discovery. *See* Fed. R. Civ. P. 16(b) ("A schedule may be modified only for good cause…").  "A finding of good cause depends on the diligence of the moving party." *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003 ); *see also Wega v Ctr. for Disability Rights, Inc.*, 395 F App'x 782, 786 (2d Cir 2010); *Deac v Il Postino, Inc.*, 2013, No. 12-CV-5952 (NGG), US Dist LEXIS 175608, at *5 (E.D.N.Y. Dec. 12,

2013) ("Even generously construing his *pro se* submissions, plaintiff has not shown good cause for reopening discovery.").

Here, Plaintiff has shown neither diligence nor good cause for her failure to depose Ms. Wilson during the pendency of discovery nor for her failure to seek to reopen discovery in the over two-and-a-half years since its conclusion. By Civil Case Management Plan and Scheduling Order dated May 31, 2018 (Dkt. No. 152), the Court scheduled discovery to conclude on November 1, 2018. Thereafter, the Court extended this deadline twice due to Plaintiff's failure to respond to Defendant's discovery demands (Dkt. No. 163) and refusal to appear for her noticed deposition (Dkt. No. 175). Significantly, by the Court's Order dated December 28, 2018 (Dkt. No. 175), discovery closed on January 14, 2019, nearly three years ago. Since that time, Defendants' summary judgment motions were fully briefed, and the Court issued its opinions on the motions on July 7, 2020, over one year ago. During the pendency of discovery, Plaintiff never noticed the deposition, either written or oral, of Ms. Wilson. Nor until now, on the eve of trial, has Plaintiff requested leave to reopen discovery. Plaintiff's instant letter seeking to depose Ms. Wilson neither provides any basis for this neglect nor demonstrates any diligence in seeking her deposition. Indeed, counsel for Plaintiff filed notices of appearance four months ago, on May 13, 2021, but did not make their request until approximately a month before trial is scheduled to begin. Plaintiff, therefore, has not – and cannot – show the requisite "good cause" for reopening discovery as a matter of law.

Additionally, in light of Plaintiff's request to withdraw as counsel, Defendant respectfully requests a one-week extension of time of the parties' deadlines to exchange and file their joint pretrial order (JPTO) and file their pretrial submissions.

By Order dated December 7, 2020, the Court directed the parties to: (1) exchange drafts of their portions of the Joint Pretrial Order by September 20, 2021; (2) file the Joint Pretrial Order, motions *in limine*, requests to charge, proposed *voir dire* questions, and pretrial memoranda of law (if any) by September 27, 2021; and (3) file any opposition papers by October 4, 2021. Two days ago, on September 15, 2021, counsel for Plaintiff provided me with a proposed JPTO but stated that their client was "concurrently reviewing" the draft. In light of Plaintiff counsel's request to withdraw, however – contending that Plaintiff seeks monetary damages for which she does not have a factual basis to support – it does not appear that Plaintiff herself approves of the JPTO. Without confirmation of the status of Plaintiff's proposed JPTO, it will be impossible for the parties to exchange and file the JPTO and motions *in limine* and the remaining pretrial submissions. A one-week extension of time, therefore, will allow the Court conference to proceed on September 21, 2021 to discuss Plaintiff's counsel's motion to withdraw and provide more clarity on how the parties should proceed with respect to the JPTO and pretrial submissions.

Accordingly, Defendant respectfully requests that the Court grant a one-week extension of time for the parties to: (1) exchange drafts of their portions of the Joint Pretrial Order by September 27, 2021; (2) file the Joint Pretrial Order, motions *in limine*, requests to charge, proposed *voir dire* questions, and pretrial memoranda of law (if any) by October 4, 2021; and (3) file any opposition papers by October 12, 2021. As mentioned above, counsel for Plaintiff consents to these requests, and these are the first requests for such extensions.

Thank you for your consideration of the foregoing.

Respectfully submitted,

/s/

Philip S. Frank
Senior Counsel

cc: All counsel of record (by ECF)

Application GRANTED in part.  The deadlines for the parties' pretrial submissions shall be extend by one week, to permit the Court and parties to resolve the outstanding representation issues raised by Plaintiff's counsel's request to withdraw as counsel.

The Court will separately address Plaintiff's request to depose Ms. Wilson.

Date:     September 20, 2021            SO ORDERED.
          New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

3